## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

DAN TANA, an individual,

                  **Plaintiff,**

        v.

DANTANNA'S, an unknown business entity;
GREAT CONCEPTS, LLC, a Georgia
limited liability company; and
DANTANNA'S CNN CENTER, LLC, a
Georgia limited liability company,

                  **Defendants.**

Case No.: 1:08-CV-0975

## ANSWER OF GREAT CONCEPTS, LLC d/b/a DANTANNA'S AND DANTANNA'S CNN CENTER, LLC

COME NOW Defendants Great Concepts, LLC ("Great Concepts"), a Georgia limited liability company d/b/a Dantanna's (a sports bar and restaurant), and Dantanna's CNN Center, LLC, an affiliated Georgia limited liability company (collectively, "Defendants"), and state their Answer to Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendants show that Plaintiff fails to state a claim, in law or equity, against either Defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants show that as Plaintiff has been previously made aware, Defendant Great Concepts' formulation of the mark "Dantanna's" was conceived by David Clapp, Managing Member of both Defendants, when he combined the names of his two children, Dan and Anna, to create the mark "Dantanna's." Nonetheless, Plaintiff continues to assert claims for wrongful

misappropriation of a mark against both Defendants without any substantial basis in law or fact. As such, Defendants show Plaintiff's claims are barred by Defendants' "fair use" of this trademark, pursuant to 15 U.S.C. §1115(c)(4).

THIRD AFFIRMATIVE DEFENSE

Defendants show Plaintiff's claims are barred by their good faith use of the federally registered trademark "Dantanna's."

FOURTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff, by his own admission, acquiesced in the use of his mark by a Hollywood director for a purpose entirely unrelated to the operation of a restaurant. As such, Defendants show Plaintiff is estopped from asserting his present claims against Defendants.

FIFTH AFFIRMATIVE DEFENSE

Defendants show Plaintiff's claims are barred by Defendants' legitimate use of Defendant Great Concept's federally registered trademark.

SIXTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff's Complaint is barred by the failure of one or more conditions precedent for the assertion of Plaintiff's causes of action against either Defendant. Specifically, Defendant Great Concepts is the owner of the federally registered trademark "Dantanna's" and as such, has every right to operate its sports bar and restaurant concept under that name, that is the original conception of the Managing Member of Great Concepts, Mr. David Clapp. Defendants show that Plaintiff's pending cancellation action in the United States Patent and Trademark Office does not affect the validity of Great Concepts' registered trademark, that Defendants are entitled to use in their home state of Georgia. Further, Defendants show that

2

Plaintiff, who inflates his reputation, operates a single Italian-themed restaurant of some, albeit fading, notoriety in West Hollywood, California, and cannot make any adequate showing that would support the extension of whatever common law rights Plaintiff might have in the name of that restaurant, "Dan Tana's," to prohibit Defendants from operating their sports bars and restaurants across the United States in the state of Georgia.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff does not own his restaurant in his individual capacity, and as such lacks standing to assert the claims set forth in his Complaint against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff's claims are barred by an insufficiency of service of a Summons and copy of Plaintiff's Complaint upon the proper Defendants.

## NINTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff has previously asserted claims similar to those set forth in Plaintiff's Complaint in a cancellation proceeding pending before the United States Patent and Trademark Office. Defendants show that Defendant Great Concepts has previously submitted a Motion for Summary Judgment in that matter, that remains pending. Defendants show that this matter should be dismissed, or otherwise stayed, pending a resolution of Plaintiff's cancellation proceeding, that if dismissed, would illustrate Plaintiff has no basis for asserting its present claims against Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendants show that based upon the totality of the circumstances surrounding the filing of Plaintiff's Complaint, Plaintiff is estopped from asserting any claim or demand against Defendants, and should be deemed to have waived such claims or demands.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff lacks clean hands to request equitable relief under the Georgia statutes specified in Plaintiff's Complaint.  Defendants further show that Plaintiff, who does not reside or conduct business in Georgia, is not a party entitled to the protection of such statutes.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by Plaintiff's failure to mitigate his alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred under the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the lack of any damages or injuries proximately or otherwise attributable to Plaintiff's claims alleged against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants show that Plaintiff's claims founded upon alleged fraud are barred by Plaintiff's failure to state such claims with requisite particularity.

## SIXTEENTH DEFENSE

Responding to the specific allegations of Plaintiff's Complaint, Defendants show this Court as follows:

### Introduction

Defendants deny the allegations set forth in the introductory paragraph of Plaintiff's Complaint, respectfully showing that they have neither infringed nor engaged in unfair competition with the Plaintiff, much less violated any laws of the United States, the State of

4

Georgia, or otherwise.  Defendants further show that "Dantanna's" is not a proper defendant in this matter, but is rather the federally registered trademark for the sports bar and restaurant owned and operated by Defendant Great Concepts, LLC, the use of which trademark is also licensed to Dantanna's CNN Center, LLC.

The Parties

1.

Defendants admit that Plaintiff is an individual.  Defendants lack sufficient knowledge or information to admit or deny whether "Dan Tana" is a legal name or assumed name of the Plaintiff.  Accordingly, Plaintiff's allegation to that extent is deemed as denied.  Defendants further lack sufficient knowledge or information to admit or deny Plaintiff's allegation as to the address of his alleged principal place of business.  Accordingly, Plaintiff's allegations to this extent are deemed to be denied.

2.

Admitted.

3.

Defendants deny that "Dantanna's" is a business entity separate and apart from Defendant Great Concepts.  Defendants further show that the name "Dantanna's" is a registered trademark of Defendant Great Concepts, and as such, the remaining allegations of this paragraph of Plaintiff's Compliant are denied.

4.

Admitted.

5

<u>Jurisdiction and Venue</u>

5.

Defendants admit that Plaintiff purports to bring this action pursuant to 15 U.S.C. §1125(a) and O.C.G.A. §10-1-370 *et seq.* Defendants deny the existence of the predicates and requirements for such causes of action.

6.

Admitted.

7.

Defendants acknowledge that this Court has personal jurisdiction over the Defendants, but deny Plaintiff's allegations that Defendants have committed any tort, or caused injury in this state and district. Defendants show that such allegations are patently frivolous.

8.

Admitted.

<u>Allegations Common to All Claims for Relief</u>

9.

Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in this paragraph of Plaintiff's Complaint. Accordingly, such allegations are deemed to be denied.

10.

Denied.

11.

Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in this paragraph of Plaintiff's Complaint. Accordingly, such allegations are deemed to be denied.

12.

Denied.

13.

Defendants deny that Plaintiff's restaurant ever gained tremendous fame and notoriety throughout the country. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph of Plaintiff's Complaint. Accordingly, such allegations are deemed to be denied.

14.

Defendants deny the allegations set forth in this paragraph of Plaintiff's Complaint.

15.

Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff is the owner of U.S. Application Serial No. 78/648306 for the mark "Dan Tana's" for restaurant services in International Class 43, which Defendants show the United States Patent and Trademark Office refused to register. Accordingly, Plaintiff's allegations set forth in this paragraph are deemed to be denied.

16.

Defendant Great Concepts admits the allegations of this paragraph of Plaintiff's Complaint, and shows that it is the owner of the federally registered "Dantanna's" trademark for restaurant services.

17.

Defendants admit that they claimed a date of first use of September 30, 2003 in connection with the use of Defendant Great Concepts' mark in connection with Great Concepts' registration of its mark. Defendants lack sufficient knowledge or information to admit or deny the time differential between Great Concepts' first use of its mark, and the initiation of Plaintiff's business. Accordingly, these allegations of this paragraph of Plaintiff's Complaint are deemed to be denied. Defendants deny the alleged extent of fame or notoriety attributable to Plaintiff or his business.

18.

Denied.

19.

Admitted as to Defendant Great Concepts, but denied as to Dantanna's CNN Center, LLC.

20.

Defendants lack sufficient knowledge or information to admit or deny Plaintiff's allegations set forth in this paragraph of Plaintiff's Complaint. Accordingly, those allegations are deemed to be denied.

21.

Defendants admit that David Clapp, who is not the owner of Dantanna's, but is rather the Managing Member of Defendant Great Concepts, has worked in the restaurant business for approximately twenty years. Defendants further admit that at one time, David Clapp participated in the opening and operation of a restaurant in Los Angeles, California called "Café Tu Tu Tango." However, Defendants deny Plaintiff's allegation that prior to opening Dantanna's,

8

Defendants procured any article that discussed Plaintiff's restaurant. Defendants show that the deposition of Defendants' representative David Clapp speaks for itself, and denies the remaining illogical allegations set forth in this paragraph of Plaintiff's Complaint. Defendants further deny that they acted with "knowledge and intent" to violate any law when they used the mark "Dantanna's," and further deny that under the totality of the circumstances, Defendants' mark is confusingly similar to Plaintiff's mark used solely in connection with a West Hollywood, California Italian restaurant.

22.

Defendant Great Concepts admits that it operates a website, www.Dantannas.com, the content of which speaks for itself. The remaining allegations of this paragraph suggesting Defendant Great Concepts advertises its restaurant in magazines "published throughout the United States, including but not limited to the State of California," are hereby denied. Defendant Great Concepts further denies it advertised Dantanna's in the May 2007 issue of "Restaurants & Institutions." Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff subscribes to this magazine. Accordingly, this allegation is deemed to be denied.

23.

Defendants admit only that a second Dantanna's restaurant is opening at Atlanta's CNN Center, and that the March 2008 *Atlanta Journal-Constitution* Article(s) speaks for itself. All other allegations and inferences set forth in this paragraph of Plaintiff's Complaint are denied.

Count I
(For False Designation of Origin Under the
Lanham Act §43(a), 15 U.S.C. §25(a))

24.

Defendants incorporate herein by reference their response to Plaintiff's previous allegations as though fully set forth herein.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.   Defendants further show that Plaintiff's allegations herein are intentionally frivolous, and calculated to unnecessarily expand this litigation as "leverage" to advance Plaintiff's private agenda to intimidate Defendants' operation of its business through a pattern of abusive and frivolous litigation.

Count II
(For Deceptive Trade Practices Under O.C.G.A. §10-1-370, et seq.)

30.

Defendants incorporate herein by reference their response to Plaintiff's previous allegations as though fully set forth herein.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

<u>Count III</u>
<u>(For Fraud Pursuant to O.C.G.A. §23-2-55)</u>

36.

Defendants incorporate herein by reference their response to Plaintiff's previous allegations as though fully set forth herein.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

11

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied.

45.

Denied.

## Count IV
### (For Appropriation of Likeness)

46.

Defendants incorporate herein by reference their response to Plaintiff's previous allegations as though fully set forth herein.

47.

Denied.

48.

Denied.

49.

Denied.

<u>Count V</u>
<u>(For Unjust Enrichment)</u>

50.

Defendants incorporate herein by reference their response to Plaintiff's previous allegations as though fully set forth herein.

51.

Denied.

52.

Denied.

53.

Denied.

<u>Count VI</u>
<u>(For Expenses of Litigation)</u>

54.

Defendants incorporate herein by reference their response to Plaintiff's previous allegations as though fully set forth herein.

55.

Denied.  Defendants show that such allegations are patently frivolous as a matter of Georgia law.

56.

All other allegations of Plaintiff's Complaint neither admitted nor denied are hereby denied.

WHEREFORE, having responded fully to Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Plaintiff's claims, with all costs cast against the Plaintiff.

Defendants further request that this Court find that Plaintiffs frivolous and baseless claims give rise to an "exceptional case," in accordance with 16 U.S.C. §1117, and award Defendants their expenses of litigation, including their reasonable attorney's fees, against the Plaintiff. Defendants finally request that this Court give Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted, this __2__ day of April, 2008.

SHAPIRO FUSSELL WEDGE & MARTIN, LLP

By: _____
G. Marshall Kent, Jr.
Georgia Bar No. 415129
mkent@shapirofussell.com
Ronald A. Williamson
Georgia Bar No. 765425
rwilliamson@shapirofussell.com

*Attorneys for Defendants*
*Great Concepts, LLC and*
*Dantanna's CNN Center, LLC*

1360 Peachtree Street
One Midtown Plaza
Suite 1200
Atlanta, GA 30309
Tel: 404-870-2200
Fax: 404-870-2220

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

DAN TANA, an individual,

                 **Plaintiff,**

    **v.**

DANTANNA'S, an unknown business entity;
GREAT CONCEPTS, LLC, a Georgia
limited liability company; and
DANTANNA'S CNN CENTER, LLC, a
Georgia limited liability company,

                 **Defendants.**

Case No.: 1:08-CV-0975

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served the foregoing *Answer of Great Concepts, LLC d/b/a Dantanna's and Dantanna's CNN Center, LLC,* upon the following:

| | |
|---|---|
| Bruce Z. Walker, Esq. | Brent H. Blakely |
| Anna M. Humnicky, Esq. | Blakely Law Group |
| 3350 Riverwood Parkway | 915 North Citrus Avenue |
| Suite 1600 | Hollywood, CA 90038 |
| Atlanta, GA 30339 | |

by placing a true and correct copy of same in the United States mail, with postage for first class mail placed thereon, this 2nd day of April, 2008.

                                       G. Marshall Kent, Jr.

#2 - 10136.003